IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN MARSHALL**, **LAWRENCE GATES** and **EARL HENSLEY**, on behalf of themselves and all other similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>**ALPHA & OMEGA TRANSIT NETWORK, INC.**,<br><br>        Defendant. | Case No. 15 C 9243 |

**MEMORANDUM OPINION AND ORDER**

Three ex-employees of Alpha & Omega Transit Network, Inc. ("Alpha & Omega") have filed a putative statewide collective action against it under the Fair Labor Standards Act, coupled with a putative statewide class action charging violations of the Illinois Minimum Wage Act. This action has been assigned to this Court's calendar under the computerized random assignment system in effect in this District Court.

As always, this Court has promptly reviewed the Complaint in this action, and one problematic aspect of the filing has figuratively jumped off the pages of the Complaint and struck this Court's eye. Although jurisdictional problems are most frequently the subject of this Court's threshold sua sponte opinions, in this instance the question is one of proper venue instead.

Complaint ¶ 5 alleges that Alpha & Omega "was and still is a private domestic corporation with its headquarters in Decatur, Illinois" -- and of course Decatur is in Macon

County, a part of the Central District and not the Northern District of this state.  Indeed, as Complaint ¶ 2 alleges:

> Plaintiffs Earle Hensley, Lawrence Gates and John Marshall were employed by Defendant as drivers in Defendant's Decatur, Illinois office.  Defendant has three offices in the state of Illinois serving central Illinois.

All other locational allegations in the Complaint are consistent with that.  For example, Complaint ¶ 5 quotes this Alpha & Omega description of its own business in its website:

> We provide the region's lowest-cost flat rate driving service and we're available for any medical provider. We transport health insurance patients on a flat low rate which enables medical providers to cut costs and achieve better results.
>
> We provide a highly personalized, patient centered medical service transportation via a centralized dispatch system.
>
> Our professional drivers transport patients to dialysis, physical therapy or routine doctor's appointments and back to the patient's residence for a flat low-cost rate.

That is strongly indicative of a localized business and is further confirmed by the examples of Alpha & Omega's driver service set out in Complaint ¶ 13:

> In addition, the Defendant did not pay its drivers when they were forced to wait for their next assignment while they were out on the road.  For example, if Plaintiff Marshall transported a patient from Decatur to Springfield, he was typically required to wait in Springfield for his next assignment.  If that assignment required him to wait three hours before making a trip from Springfield to Bloomington, Mr. Marshall was "off the clock" until he started driving to Bloomington and he was not paid for his off the clock time.

All of that being so, it is surprising that the Complaint's allegations as to venue point to 28 U.S.C. § 1391(b) and (c) alone.[1]  As to the first of those subsections, it certainly appears that

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

only the first of its subparts fits the situation described in the Complaint, for Alpha & Omega is an Illinois resident (whether it resides in this judicial district is discussed hereafter):

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.

But it would seem that the more specific terms of Section 1391(d), rather than the generic provisions of Section 1391(c), apply here:

> **Residency of corporations in States with multiple districts.** -- For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Under that last-quoted subsection, with Illinois having more than one judicial district and with Alpha & Omega being subject to personal jurisdiction in this state, it appears from Alpha & Omega's own allegations that the only one of Illinois' three judicial districts in which its "contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State" is the Central District of Illinois, and not this Northern District of Illinois.  Under those circumstances further input from plaintiffs' counsel is called for, else a transfer to the Central District pursuant to Section 1406(a) would have to be considered.  Plaintiffs' counsel are ordered to provide the necessary input in that respect on or before October 27, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 20, 2015